**Reyes CORREA–NEGRON, aka Ray Correa–Negron, Ray Correa, Sr. Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–2191.**

United States Court of Appeals.
Fifth Circuit.

Feb. 7, 1973.

Ben F. Johnson, III, Atlanta, Ga. (Court appointed), for petitioner-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before GODBOLD, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Correa-Negron appeals from the denial of his petition for writ of error coram nobis. He seeks to vacate, set aside, and expunge from the records his 1949 con-

viction in the Middle District of Georgia, entered on a guilty plea, for a violation of 15 U.S.C.A. § 902(e). We affirm.

The petitioner's basic contention is that in 1971 the District Court for the Southern District of California, in sentencing him to the maximum statutory penalty of 15 years on three counts of violating 8 U.S.C.A. § 1324, which he is now serving, was influenced by the allegedly invalid conviction now under attack. Although Correa-Negron did not take an appeal from his 23 year old conviction and has offered no explanation for his long delay in seeking relief, he alleges as grounds for his petition that he was not apprised of his constitutional rights, including the right to a court-appointed attorney, that he was not advised of the consequences of his guilty plea, that his plea was entered without the assistance of counsel, and that the court failed to make a Rule 11 inquiry.

Moreover, for the first time on appeal, Correa-Negron now attempts to attack the sufficiency of his indictment. We will not entertain his contentions regarding this issue. This Court has emphasized on numerous occasions that "[w]e will not notice matters which were not presented to the district court except to prevent a miscarriage of justice. Petitioner cannot try one case below and another on appeal." Conklin v. Wainwright, 5 Cir. 1970, 424 F.2d 516, 517–518; see, e. g., United States v. Hall, 5 Cir. 1971, 440 F.2d 1277.

■ Despite the express abolition of coram nobis relief in federal civil actions, Fed.R.Civ.P. 60(b), it is still available with respect to criminal convictions under the All Writs Statute, 28 U.S.C.A. § 1651(a). See United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248. Nevertheless, the writ of error coram nobis is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope. See, e. g., United States v. Norman, 6 Cir. 1968, 391 F.2d 212, cert. denied, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163. Coram nobis is only available to correct errors of the most fundamental character where the circumstances are compelling to achieve justice. United States v. Morgan, supra; Cline v. United States, 5 Cir. 1972, 453 F.2d 873. Furthermore, coram nobis normally lies only when the petitioner is no longer in federal custody. See United States v. Brown, 9 Cir. 1969, 413 F.2d 878; United States v. Sullivan, D.Haw.1968, 278 F.Supp. 626. Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate. See United States v. Morgan, supra; Mathis v. United States, E.D.N.C.1965, 246 F. Supp. 116.

■ Indeed, the Supreme Court in United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 made clear that the sentence which a prisoner is presently serving may be challenged via a § 2255 petition on the grounds that a prior invalid conviction was used for enhancement purposes. See Franchi v. United States, 5 Cir. 1972, 464 F.2d 1035. Although Tucker is factually different from the case sub judice in that in Tucker the unconstitutionality of the prior convictions had been previously adjudicated where as here there is only Correa-Negron's allegations of the invalidity of his 1949 conviction, we do "not find this distinction sufficient to place this case outside the scope of Tucker." Lipscomb v. Clark, 5 Cir. 1972, 468 F.2d 1321 at 1323.

Affirmed.