**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-10270
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN D. WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

February 2, 1996

Before WISDOM, HIGGINBOTHAM, and PARKER, Circuit Judges.

WISDOM, Circuit Judge:[*]

John D. Walker, convicted of robbery of an armored truck, brings this 28 U.S.C. § 2255 motion challenging his sentence. After a review of the record, we find that the district court did not err in denying his motion. We AFFIRM.

I.

Walker pleaded guilty to counts two and three of a three-count indictment charging him with interference with interstate commerce by robbery (18 U.S.C. § 1951) and use of a firearm in

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

relation to a crime of violence (18 U.S.C. § 924(c)). The charges stemmed from the robbery of an armored truck, during which $452,000 was taken. Three other defendants were also convicted for their involvement in this crime.

The district court sentenced Walker to 136 months for count two and to 60 months for count three, to run consecutive with the term imposed for count 2. In addition, the court ordered Walker to pay $412,000 restitution, payable in $200 per month installments commencing 60 days after Walker's release from prison.[1]

On direct appeal, Walker challenged his sentence on the basis that the district court erred by refusing to reduce his sentence for acceptance of responsibility. In an unpublished per curiam opinion, this Court affirmed Walker's sentence.

Walker then filed a section 2255 motion challenging his sentence on numerous grounds, which are discussed below. The same district court judge who presided over Walker's sentencing denied this motion without an evidentiary hearing. Walker now asks this Court to review the denial of his section 2255 motion.

## II.

When reviewing a district court's denial of a section 2255 motion, this Court subjects findings of fact by the district court to the clearly erroneous standard of review and applies the de novo

---

[1] The government recovered $40,000 of the stolen funds from one of the defendants.

standard of review to questions of law.[2] Prisoners in federal custody can attack their sentence under section 2255 for constitutional violations in the sentencing proceedings and also for nonconstitutional errors that, if not corrected, would result in a complete miscarriage of justice.[3] Even with respect to constitutional violations, the defendant cannot raise those claims for the first time in a section 2255 motion without also demonstrating cause for not raising the issue on direct appeal and actual prejudice stemming from the error.[4]

## III.

Walker contended in his brief to the district court that his counsel was ineffective because his attorney did not object to the enhancement of his sentence under U.S.S.G. § 3B1.1(a) for being a leader or organizer of a crime with five or more participants and under U.S.S.G. § 2B3.1(b)(1) for taking the property of a financial institution. Having observed Walker's attorney during the sentencing and habeas proceedings and having been unable to find any evidence that Walker's counsel was ineffective, the district court denied his claim. Walker now appeals this issue solely on the basis that the district court used the incorrect standard to evaluate this claim.

---

[2] United States v. Casiano, 929 F.2d 1046, 1051 (5th Cir. 1991).

[3] United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994).

[4] Id.

The district court applied the standard set forth by the United States Supreme Court in <u>Strickland v. Washington</u>.[5] Under this standard for ineffective assistance, a defendant must establish that (1) his counsel's representation fell below an objective standard of reasonableness and (2) that but for the unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different.[6] Walker argues that the <u>Strickland</u> standard was modified in <u>Murray v. Carrier</u>[7] and that the district court erred by not invoking that test. In fact, <u>Murray</u> recognizes that an isolated error by a defendant's counsel can constitute ineffective assistance only when that error alone is "sufficiently egregious and prejudicial".[8] This statement does not direct courts to find ineffective assistance whenever a defendant's counsel commits a single error, as Walker contends; rather, it allows courts to find ineffective assistance in those rare cases in which a single error satisfies the two-prong <u>Strickland</u> standard. Accordingly, we hold that the district court did not err in evaluating Walker's claim under the <u>Strickland</u> analysis.

---

[5] 466 U.S. 668 (1984).

[6] <u>United States v. Hoskins</u>, 910 F.2d 309, 310 (5th Cir. 1990) (citing <u>Strickland</u>, 466 U.S. at 688, 694).

[7] 477 U.S. 478 (1986).

[8] <u>Id.</u> at 496.

IV.

Walker also directly challenges the district court's enhancement of his sentence for being a leader or organizer of the crime and for taking the proceeds of a financial institution. He asserts that there was insufficient evidence to support either enhancement.

The clearly erroneous standard applies to the district court's factual findings regarding the application of the sentencing guidelines.[9] When deciding whether enhancement is warranted, the court may consider all relevant evidence that has an indicia of reliability.[10]

The Presentence Investigation Report (PIR) in the instant case and evidence in the record contain facts that support both enhancements.[11] First, U.S.S.G. § 3B1.1(a) instructs the court to increase a defendant's offense level by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants". In challenging this enhancement, Walker relies primarily on the fact that only three other defendants were indicted and sentenced, arguably bringing the total number of participants only to four. The sentencing guidelines, however, define "participant" as one "who is criminally

---

[9] United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995); United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990).

[10] United States v. Patterson, 962 F.2d 409, 415 (5th Cir. 1992).

[11] This Court has recognized that the PIR has sufficient indicia of reliability to justify the district court's reliance on it when determining a sentence. Alfaro, 919 F.2d at 966.

responsible for the commission of the offense, but need not have been convicted".[12] The PIR states that the father-in-law of another defendant was involved in the crime and also refers to Walker's testimony to an FBI special agent, in which Walker stated that an employee of the armored-truck also assisted with the robbery. Additionally, Walker and co-defendant Mizell told the special agent that they delivered some of the stolen money to an individual, whom the police have not been able to identify, on behalf of co-defendant William Brown.

In the light of these facts, which are supported by Walker's own statements, the existence of at least five participants is plausible[13] and the enhancement of Walker's sentence under § 3B1.1(a) is not clearly erroneous.[14]

Second, Walker argues that the district court should not have enhanced his sentence two levels under U.S.S.G. § 2B3.1. Under

---

[12] U.S.S.G. § 3B1.1 cmt. 1.

[13] See Ronning, 47 F.3d at 711.

[14] Walker also argues that he was not a leader or organizer of any of the participants. It is only necessary that a defendant organize or lead at least one of the participants. Ronning, 47 F.3d at 711-12; see also U.S.S.G. § 3B1.1 cmt. 2. When making this determination, the court can consider various factors, such as the defendant's "exercise of decision making authority, . . . recruitment of accomplices, . . . claimed right to a larger share of the fruits of the crime, . . . and the degree of control and authority exercised over others". U.S.S.G. § 3B1.1 cmt. 4. The stipulated facts, the PIR, and the testimony at the sentencing hearing indicate that Walker was one of the primary organizers of the robbery and that he was the one who brought Mizell into the crime. The special agent, in particular, testified that the FBI's investigation revealed that Walker made all the arrangements for the crime and was the planner for the group. Accordingly, the district court's finding that Walker was a leader/organizer is not clearly erroneous.

this section, the court may raise a defendant's offense level if the "the property of a financial institution . . . was taken".[15] The facts to which Walker stipulated support this enhancement. In the factual resume appended to his plea agreement, Walker agreed that the money that he stole from the armored truck was in transport from a federal reserve bank to various banks and credit unions. This uncontroverted statement establishes that the stolen proceeds were the property of financial institutions, justifying the two-level increase under § 2B3.1.

V.

Walker next challenges several statements in the PIR. Specifically, Walker argues that the probation officer who compiled the PIR breached her duties under Fed. R. Crim. Proc. 32 by stating that the crime involved five individuals and recommending the corresponding enhancement under U.S.S.G. § 3B1.1(a); concluding that the stolen funds belonged to a financial institution and recommending the corresponding enhancement under U.S.S.G. § 2B3.1(b)(1); advising the court to order Walker to pay $412,000 in restitution; and accepting the testimony of co-defendant Cynthia Mizell. Walker's attack of the PIR in this manner, however, is improper with a section 2255 motion. A Rule 32 claim with respect to correcting the PIR can be raised on direct appeal or with a Fed. R. Crim. Proc. 35 motion to correct the

---

[15] U.S.S.G. § 2B3.1(b)(1).

sentence, but not with a post-conviction section 2255 motion.[16] Thus, Walker's attempt to correct the PIR with his section 2255 motion must fail.

## VI.

Walker also contends that the district court erroneously ordered restitution by not considering Walker's relative culpability and ability to pay. This argument is also inappropriate under a section 2255 motion. Section 2255 only covers violations that are constitutional in nature; restitution, like a fine, is a matter related to sentencing that should have been raised on direct appeal.[17]

Walker further argues that this issue was not raised on direct appeal due to the ineffective assistance of his counsel. This Court has held that claims of ineffective assistance of counsel for failure to challenge a fine are beyond the scope of section 2255.[18] This limitation stems from the fact that section 2255 claims can only be raised by persons in federal custody who assert that their custody is unlawful.[19] Faced with the <u>Strickland</u> standard, defendants, to

---

[16] <u>United States v. Armstrong</u>, 951 F.2d 626, 630 (5th Cir. 1992); <u>see</u> <u>United States v. Weintraub</u>, 871 F.2d 1257, 1266 (5th Cir. 1989); <u>United States v. Smith</u>, 844 F.2d 203, 206 (5th Cir. 1988); <u>see also</u> <u>United States v. Schlesinger</u>, 49 F.3d 483, 485-86 (9th Cir. 1995).

[17] <u>See</u> <u>Segler</u>, 37 F.3d at 1135 (holding that a defendant may not challenge his fine with a section 2255 motion).

[18] <u>Id.</u> at 1136.

[19] <u>Id.</u>

prevail, must establish that the ineffective assistance prejudiced them in such a way so as to create a harm relating to their custody.[20] Because the failure of a defendant's attorney to challenge a fine does not relate to his incarceration, such claims are improper under section 2255.[21] We extend this reasoning to encompass restitution; if a fine does not relate to unlawful custody, then neither does restitution. For this reason, Walker's challenge to the ordered restitution and accompanying claim of ineffective assistance of counsel do not pertain to unlawful custody and, accordingly, fall outside the scope of section 2255.

## VII.

Walker's final challenge asserts that the district court erred by dismissing his section 2255 motion without holding an evidentiary hearing. Walker argues that an evidentiary hearing was warranted to develop factual issues concerning his claim of ineffective assistance of counsel, the number of culpable participants, the proceeds of the robbery and whether they were the property of a financial institution. Moreover, Walker contends that there should have been an evidentiary hearing to consider the extent to which the sentencing court relied upon the testimony of Mizell, who later perjured herself with respect to her own level of involvement in the crime, when denying an adjustment for acceptance of

---

[20] Id.

[21] Id.

9

responsibility. The denial of an evidentiary hearing is reviewed under the abuse of discretion standard.[22]

The district court can deny section 2255 motions without an evidentiary hearing only if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief".[23] Considering the substantial evidence in the record, stipulated facts, and sentencing hearings covering all of the challenged issues, we find that the district court did not abuse its discretion by relying solely on record evidence to deny the defendant's motion.

First, with respect to the allegations of ineffective assistance of counsel, Walker asserts that his attorney failed to object to the enhancement of his sentence for being a leader or organizer and for taking proceeds of a financial institution. As set forth above, however, the record contains substantial evidence of these facts, including the incriminating testimony of Walker himself. Walker also does not offer any evidence that contradicts or goes beyond the record evidence. Accordingly, it was appropriate for the court to rule on this matter without holding an evidentiary hearing.

Second, the record and other evidence, including statements made by Walker to an FBI special agent, support the existence of five or more participants in the heist. Additionally, the stipulated facts and PIR set forth the source and intended recipients of the money before it was stolen from the armored truck. This evidence

---

[22] United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

[23] Id.

10

conclusively demonstrates that Walker was not entitled to relief, negating the necessity of an evidentiary hearing on these claims.

Finally, even if Mizell later perjured herself, the record contains other evidence indicating that Walker failed to accept responsibility,[24] such as failing to admit to the crime until after his arrest and the commencement of trial preparations by the government, failing to return any of his portion of the stolen money, and providing information to the government that was inconsistent with facts that were independently verified. All of these facts are independent of Mizell's testimony and are supported by the record. For these reasons, the district court did not err in relying upon the existing evidence to rule upon the defendant's section 2255 motion without an evidentiary hearing.

## VIII.

For the foregoing reasons, we find that the district court did not err when it denied Walker's section 2255 motion. We AFFIRM.

---

[24] With respect to Walker's allegations of perjury, Walker also failed to support those allegations with "substantial factual assertions capable of resolution by an evidentiary hearing". United States v. Fishel, 747 F.2d 271, 273 (5th Cir. 1984).

11