[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 20, 2006
THOMAS K. KAHN
CLERK

No. 05-10396
Non-Argument Calendar

_____

D. C. Docket No. 89-00362-CR-JCP

JOHN GALATOLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 20, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

John Galatolo, a federal prisoner proceeding pro se, appeals the district court's order denying his motion seeking relief from the district court's order denying his 28 U.S.C. § 2255 motion to vacate or correct sentence (the "Motion").

In the Motion, which Galatolo filed pursuant Rule 60(b)(3) of the Federal Rules of Civil Procedure, Galatolo raised two types of claims -- claims challenging the underlying criminal proceedings and a claim concerning the denial of his § 2255 motion. The district court construed the Motion as an application for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651(a), and denied it. We granted Galatolo a certificate of appealability ("COA") on the following two issues: (1) whether the district court properly construed Galatolo's Rule 60(b)(3) motion as an application for a writ of error coram nobis under 28 U.S.C. § 1651(a), when he was challenging, in part, the resolution of his § 2255 motion to vacate; and (2) if so, whether the district court properly denied the motion on the basis that Galatolo should have raised on direct appeal his claim regarding Brady v. Maryland, 373 U.S. 83 (1963).[1]

Although the district court erred by construing Galatolo's motion as a petition for coram nobis relief, we nevertheless affirm the denial of the motion based on the following analysis. See Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir. 1993) (stating that this Court can affirm on any ground that appears in the record, "whether or not that ground was relied upon or even considered by the court below").

---

[1]Because we conclude the district court erred by construing the Motion as a petition for coram nobis relief, we do not reach the second issue in our COA.

2

The relevant facts are these. In November 1990, a jury found Galatolo guilty of (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) conspiracy to travel in interstate commerce with intent to distribute the proceeds of, and to promote, illegal activity, in violation of 18 U.S.C. § 371 (Count 2); (3) nineteen counts of possession with intent to distribute, and distribution of, cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 3 through 18, 22, 26, and 28); (4) six counts of racketeering, in violation of 18 U.S.C. § 1952 (Counts 19, 20, 25, 27, 29, and 32); and (5) carrying a firearm during a narcotics crime, in violation of 18 U.S.C. § 924(c) (Count 23). Galatolo was sentenced to a 545-month term of imprisonment.[2] On direct appeal, we affirmed Galatolo's convictions and sentence. See United States v. Galatolo, 978 F.2d 719 (11th Cir. 1992) (table).

In April 1997, Galatolo filed a counseled § 2255 motion to vacate, stating five grounds for relief, including that the government committed misconduct in failing to release exculpatory evidence, pursuant to Brady, in violation of his Fifth and Fourteenth Amendment rights. In response to Galatolo's motion, the government argued, inter alia, that Galatolo had failed to demonstrate a violation of

[2]This term consisted of: (1) 365 months' imprisonment as to Count 1, to be served concurrently with 60 months' imprisonment as to Counts 2, 32, 19, 20, 25, 27, and 29, and with 240 months' imprisonment as to Counts 3 through 18 and 22; (2) 60 months' imprisonment as to Count 23, to run consecutively to all of the other counts; and (3) 120 months' imprisonment as to Counts 26 and 28, to run concurrently with each other but consecutively to Count 1.

Brady.  On January 9, 1998, the district court denied the motion on the merits. Both the district court and this Court denied Galatolo a COA from the denial of his § 2255 motion.

Thereafter, on July 19, 2004, Galatolo filed the instant amended pro se motion, which he styled as a "[Rule] 60(b)(3) motion for relief from judgment of conviction [and] sentence and judgment denying § 2255 motion."  In it, he argued: (1) that his conviction was obtained by fraud because the government intentionally had concealed exculpatory evidence in the form of Drug Enforcement Administration ("DEA") and Florida Department of Law Enforcement ("FDLE") reports, and (2) that the government had committed additional fraud by arguing in the § 2255 proceedings that Galatolo's Brady claim was without merit.

The magistrate judge recommended denying the Motion, finding that since Galatolo's criminal case had been affirmed on appeal, the Motion based on newly discovered evidence constituted an application for a writ of coram nobis.  The magistrate judge further determined that the writ of coram nobis did not provide relief because: (1) Galatolo's claims did not allege fundamental errors; and (2) coram nobis relief was unavailable because Galatolo could have raised the issues on direct appeal.  More specifically, the magistrate judge found that "Galatolo has exhausted all available avenues of review of his judgment and

4

conviction. Consequently, Galatolo's request . . . to relitigate issues that were decided or could have been decided on direct appeal, must be denied." Galatolo did not file any objections to the magistrate judge's report and recommendation, and the district court adopted it and denied Galatolo's Motion. This appeal followed.

We first consider whether the district court's treatment of Galatolo's Rule 60(b) motion as a petition for coram nobis relief was correct. "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). "A court's jurisdiction over coram nobis petitions is limited to the review of errors of the most fundamental character." Id. (internal quotation marks omitted). Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." Id. at 1204. In addition, we have held that:

> coram nobis normally lies only when the petitioner is no longer in federal custody. Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate.

5

<u>Correa-Negron v. United States</u>, 473 F.2d 684, 685 (5th Cir. 1973) (citations omitted).[3]

Galatolo's Rule 60(b)(3) motion challenged both the underlying criminal proceedings <u>and</u> the civil proceedings on his § 2255 motion. <u>Cf.</u> <u>United States v. Jordan</u>, 915 F.2d 622, 628 (11th Cir. 1990) (observing that "proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); <u>United States v. Dunham Concrete Prods., Inc.</u>, 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that § 2255 proceedings are, like habeas matters, civil actions mainly standing on their own bottoms . . . ."); <u>Rosecrans v. United States</u>, 378 F.2d 561, 565-66 (5th Cir. 1967) (stating that "[a] motion under § 2255 . . . is an independent civil proceeding, and it is not a part of the proceedings in the criminal case in which the sentence attacked was imposed.").

To the extent that Galatolo's motion challenged his underlying convictions and sentences, the general rule is well-established that a collateral attack upon a federal conviction and sentence must be brought pursuant to § 2255. <u>See</u> 28 U.S.C. § 2255; <u>Birdsell v. Alabama</u>, 834 F.2d 920, 922 & n.5 (11th Cir. 1987). In

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Gonzalez v. Crosby, __ U.S. __, __ 125 S. Ct. 2641 (2005), the Supreme Court recently held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive petition for writ of habeas corpus. Id. at 2648 (emphasis removed).[4] Because Galatolo is in federal custody and there is no reason to believe that his statutory remedies under § 2255 are inadequate, and in light of the Supreme Court's holding in Gonzalez, the district court erred by construing the claims attacking Galatolo's convictions and sentences as coram nobis requests.

Rather, the district court should have considered those claims as the equivalent of a successive § 2255 motion for which Galatolo failed to seek or obtain our consent, as he must under the gatekeeping mechanisms of the AEDPA. See 28 U.S.C. § 2255 (cross-referencing 28 U.S.C. § 2244 (as amended)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Because Galatolo's failure to obtain our leave to proceed is fatal to the claims he asserts concerning the underlying criminal proceedings and his conviction and

---

[4] Although the Supreme Court's decision in Gonzalez addressed only habeas petitions brought pursuant to 28 U.S.C. § 2254, see Gonzalez, __ U.S. at __, 125 S.Ct. at 2646 n.3, we see no reason why it should not apply to the instant § 2255 proceedings. Cf. Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "the principles developed in habeas cases also apply to [§] 2255 motions").

sentence, we affirm the result below as to those claims, albeit on the basis of analysis different from the district court's.

As for the argument in Galatolo's Motion concerning his civil § 2255 proceedings -- again, one of Galatolo's arguments was that the government committed fraud on the court by arguing, in response to Galatolo's Brady claim in his § 2255 motion, that the claim had no merit -- the district court likewise erred by construing it as a request for coram nobis relief. Cf. Correa-Negron, 473 F.2d at 685 (noting express abolition of coram nobis relief in federal civil actions). We nevertheless affirm the denial of the Motion because to the extent that it sought relief under Rule 60(b), the Motion was untimely. A Rule 60(b) motion alleging "fraud, . . . misrepresentation, or other misconduct of an adverse party" must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

In sum, we affirm the district court's denial of Galatolo's Motion. Although the district court erroneously characterized the relief sought, Galatolo's motion was properly denied because some of his claims were, in essence, second or habeas applications, for which Galatolo had not gotten leave from this Court, while the remaining claim was untimely.

**AFFIRMED.**