# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re Robert A. CONDON** | ) | **Misc. Dkt. No. 2022-07** |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Petitioner* | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Special Panel** |

This order resolves Petitioner's 19 July 2022 request for extraordinary relief in the nature of a writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a).

Petitioner is a former active duty member of the United States Air Force, and was tried by a general court-martial at Hurlburt Field, Florida. On 25 September 2014, contrary to his pleas, Petitioner was found guilty of dereliction of duty, rape by fear of grievous bodily harm, sexual assault of a second victim based upon her inability to consent due to alcohol consumption, stalking, forcible sodomy, assault consummated by a battery, false imprisonment, and obstruction of justice, in violation of Articles 92, 120, 120a, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 920a, 925, 928, 934.[1] Petitioner was sentenced to, and the convening authority approved, a dishonorable discharge, 30 years of confinement, total forfeiture of pay and allowances, and reduction to the grade of E-1. This court affirmed the findings and sentence. *United States v. Condon,* No. ACM 38754, 2017 CCA LEXIS 187, at *82 (A.F. Ct. Crim. App. 10 Mar. 2017) (unpub. op.), *aff'd*, 77 M.J. 244 (C.A.A.F. 2018). Petitioner remains in confinement pursuant to his sentence.

Petitioner's case completed direct review on 1 October 2018 when the Supreme Court of the United States denied his petition for certiorari. *Condon v. United States*, 139 S. Ct. 110 (2018); *see* Article 71(c)(1)(C)(ii), UCMJ, 10 U.S.C. § 871(c)(1)(C)(ii). On 26 April 2019, Petitioner's case became final when the

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2002 ed.).

convening authority ordered the dishonorable discharge executed, having already ordered the other portions of Petitioner's sentence executed. *See* Article 76, UCMJ, 10 U.S.C. § 876.[2]

Petitioner, through civilian counsel, asks this court to issue a writ of *coram nobis*, overturning his conviction and, at a minimum, granting Petitioner a new appeal. Petitioner cites inadequate direct review of his case on appeal, and requests we review the following: (1) whether prosecutorial misconduct occurred in the handling of the court-martial transcript on appeal; and (2) whether Petitioner's appellate defense counsel were ineffective. Specifically, Petitioner contends that the Government prepared two different versions of the trial transcript, a "correct" version that was served on Petitioner, and a different "incorrect" version that was served on his counsel.[3] Additionally, Petitioner argues that he received ineffective assistance of counsel during his appeal, due to his appellate counsel's failure to discover the alleged issues with the record of trial.

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *United States v. Chapman,* 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Clinton,* 526 U.S. at 529, 534–35). "The writ of *coram nobis* is an ancient common-law remedy designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)). Appellate military courts have jurisdiction over "*coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 917. The writ of *coram nobis* is an extraordinary writ and an extraordinary remedy. *Id.* It should not be

---

[2] The substantive law on finality regarding Appellant's case did not change during the course of his appeal. *See* Articles 71(c)(1)(C)(ii) and 76, UCMJ (*Manual for Courts-Martial, United States* (2012 ed.)), and Articles 71(c)(1)(C)(ii) and 76, UCMJ (*Manual for Court-Martial, United States* (2016 ed.)).

[3] In support of this petition, Petitioner's counsel submitted two exhibits which we considered. Exhibit A is a copy of an email sent from Air Force Appellate Defense Division to Petitioner's counsel. This email informed Petitioner's counsel that the actual record of trial in Petitioner's case was delivered to both appellate government counsel and Petitioner's military and civilian appellate counsel. While the email does acknowledge errors in the electronic transcript, it states that the errors only "led to discrepancies in page numbers" between the actual record of trial and the electronic transcript. Exhibit B is a letter from the Air Force Inspector General's Office to Petitioner's mother. This letter states that their investigation disclosed "both the government and defense had access to the complete record of trial, and there is no evidence of ethical violations by government counsel."

granted in the ordinary case; rather, it should be granted only under circumstances compelling such action to achieve justice. *Id*.; *Morgan*, 346 U.S. at 511; *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973).

Although a Petitioner may file a writ of *coram nobis* at any time, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd*, 556 U.S. 904 (2009).

"This court uses a two-tier approach to evaluate claims raised via a writ of *coram nobis*. First, [P]etitioner must meet the aforementioned threshold requirements for a writ of *coram nobis*. If [P]etitioner meets the threshold requirements his claims are then evaluated under the standards applicable to his issues." *Chapman*, 75 M.J. at 601 (citing *Denedo*, 66 M.J. at 126).

Evaluating Petitioner's case under the *coram nobis* threshold requirements, we find that Petitioner has failed to satisfy several threshold requirements, and that "the failure to meet any one alone warrants a denial of Petitioner's writ." *Id*. We will address three of the six *Denedo* factors.

As to the first factor, we find that Petitioner has not demonstrated that a fundamental error exists. Petitioner's court-martial was reviewed by this court on 10 March 2017, at which time this court determined that the findings and sentence were correct in law and fact and that no error materially prejudicial to a substantial right of Petitioner occurred. *Condon*, unpub. op. at *82. Petitioner's court-martial conviction was subsequently reviewed by our superior court, the United States Court of Appeals for the Armed Forces, which affirmed the decision of this court. *Condon,* 77 M.J. at 247. Finally, as noted above, on 1 October 2018, the Supreme Court denied Petitioner's request for certiorari. There is no indication that any of these courts did not have a complete record of trial, or that their review of Petitioner's conviction was prejudiced in any way. Petitioner has also not demonstrated what, if anything, would have changed regarding his appeal as a result of discrepancies in page numbers between the official record of trial and the electronic transcript. At most, any

alleged error was clerical in nature, and therefore was manifestly not of "the most fundamental character." *See Chapman*, 75 M.J. at 601.

As to the second factor, Petitioner has also failed to demonstrate that no remedy other than *coram nobis* is available to rectify the consequences of the alleged error. Here, because Petitioner is still in confinement, he still has the option to seek relief via a writ of habeas corpus in the appropriate federal district and appellate courts.[4]

Likewise, in addressing the sixth factor, Petitioner has not demonstrated that his sentence has been served, or that the consequences of the erroneous conviction persist. On this point, we note that Petitioner is still in confinement, and where Petitioner "is still in confinement, *coram nobis* relief is not available. *United States v. Gray,* 77 M.J. 5, 6 (C.A.A.F. 2017) (citing *Loving,* 62 M.J. at 254).

Finally, assuming *arguendo* that Petitioner could satisfy the threshold requirements, we find he has failed to demonstrate that his substantive claims would warrant setting aside the findings and sentence imposed pursuant to his court-martial conviction.

Accordingly, it is by the court on this 4th day of August, 2022,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of *Coram Nobis* is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] Petitioner filed a petition for extraordinary relief in the nature of a writ of habeas corpus with this court which we denied because we do "not have jurisdiction over habeas corpus petitions when there is a final judgment as to the legality of the proceedings, all portions of the sentence have been ordered executed, and the case is final under Articles 71(c)(1)(C)(ii) and 76, UCMJ." *In re Condon*, Misc. Dkt. No. 2022-04, 2022 CCA LEXIS 372, at *2 (A.F. Ct. Crim. App. 21 Jun. 2022) (order). However, this does not preclude Petitioner from seeking relief from an appropriate Article III court.