# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2026

Lyle W. Cayce
Clerk

No. 24-11081

─────────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Eugene J. Lockhart, Jr.,

*Defendant—Appellant*.

─────────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:09-CR-247-1, 3:25-CV-216

─────────────────────────────────────

Before Elrod, *Chief Judge*, and Smith and Wilson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Eugene Lockhart appeals the denial of his petition for writ of *coram nobis*. We affirm.

## I.

Lockhart pleaded guilty of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1344, and 1349. He was sentenced to 54 months of imprisonment and two years of supervised release. The district court also ordered Lockhart to pay $2,436,079 in restitution, to be paid jointly and severally with his codefendants. Lockhart filed a *pro se* notice of appeal,

1

No. 24-11081

but the appeal was dismissed for want of prosecution. Four of Lockhart's codefendants, however, successfully appealed their restitution orders and were able to reduce the amount to $1,581,135. *See United States v. Beacham*, 774 F.3d 267 (5th Cir. 2014).

Lockhart's supervised release ended in May 2017. In September 2023, he filed a petition for writ of *coram nobis* seeking to vacate his conviction and restitution on the basis of ineffective assistance of counsel ("IAC"), arguing that his counsel's failure to appeal and failure to preserve issues for appeal amounted to a Sixth Amendment violation.[1] The district court denied relief, holding that Lockhart's petition was not timely and that the court lacked jurisdiction to vacate an order of restitution because a challenge to an order of restitution may be pursued only on direct appeal.

## II.

"On appeal from a district court's denial of a petition for a writ of coram nobis, we review factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). Thus, this court will review the dismissal for lack of jurisdiction *de novo. See Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999).

## III.

Lockhart raises one issue on appeal: "Whether a district court has jurisdiction to consider a defendant's claim that his attorney was ineffective for not challenging an erroneous restitution order at sentencing in a Petition

---

[1] This is Lockhart's second petition for writ of *coram nobis*. His first, filed while he was serving the supervised-release portion of his sentence, was denied because he was still "in custody," and thus the writ was unavailable to him.

for Writ of *Coram Nobis*." "[T]he writ of error *coram nobis* is an extraordinary writ and the jurisdiction of the court to grant such relief is of limited scope." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). The writ is available only "to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate" that he suffers civil disabilities as a consequence of the conviction and that "the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski,* 91 F.3d 767, 768 (5th Cir.1996)).

Lockhart asserts that the district court erred in dismissing his petition to vacate the restitution order for lack of jurisdiction. The government responds that the district court did not err in dismissing for want of jurisdiction and, in the alternative, that Lockhart's petition fails on the merits.

## A.

Lockhart's *coram nobis* petition contained two alternative requests: (1) vacatur of his conviction or (2) vacatur of his restitution order. But it is erroneous to separate the two as though they are two independent forms of *coram nobis* relief. A petition for a writ of *coram nobis* "provides a way to collaterally attack *a criminal conviction*." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (emphasis added); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Though petitioners may point to certain constitutional errors in sentencing as justifying the extraordinary relief of conviction vacatur, they cannot create a second form of *coram nobis* relief. Of course, if a district court grants *coram nobis* relief and vacates a conviction, any restitution order will necessarily fall with the conviction. Conviction vacatur under *coram nobis*, after all, operates to alleviate ongoing disabilities suffered as a consequence of a conviction. *See Esogbue*, 357 F.3d at 534. Thus, the relief sought in Lockhart's two claims is in tandem. The district

court had jurisdiction to review Lockhart's petition to vacate the conviction, and if that petition were successful, the restitution order would be collaterally vacated.

Under the government's view that the district court lacked jurisdiction to vacate Lockhart's restitution order, even if Lockhart is correct that counsel's failure to appeal constituted IAC, he would have no remedy for his ongoing disability (the restitution order). He could not directly appeal, as the constitutional error (failure to directly appeal) did not occur until after judgment, and "Sixth Amendment claims of [IAC] should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (quoting *United States v. Aguilar,* 503 F.3d 431, 436 (5th Cir. 2007) (per curiam)). Lockhart also could not pursue relief in a collateral challenge. He could pursue neither relief via the writ of *coram nobis* (the government's position in this case) nor a collateral challenge under a 28 U.S.C § 2255 *habeas corpus* petition.[2]

The government's solution is for Lockhart to raise the restitution challenges on direct appeal and the constitutional challenges collaterally. But that overlooks the nature of Lockhart's claims: that the failure to appeal the restitution order directly is the alleged error that rises to IAC. The moment he could first challenge the restitution order for IAC, he was already cut out from the direct-appeals process. *See Isgar*, 739 F.3d at 841. The government wants Lockhart to thread an eyeless needle.

The district court erred in separately considering Lockhart's two petitions for relief and concluding that it did not have jurisdiction to vacate the

---

[2] *See, e.g., United States v. Walker*, 78 F.3d 582, 582 (5th Cir. 1996) (holding that the movant's "challenge to the ordered restitution and accompanying claim of ineffective assistance of counsel do not pertain to unlawful custody and, accordingly, fall outside the scope of section 2255").

restitution order. The district court had jurisdiction over the petition to vacate the conviction, and if that petition were successful, the restitution order would be vacated as a consequence.[3]

## B.

Because *coram nobis* is an extraordinary remedy, "a petitioner seeking *coram nobis* must exercise 'reasonable diligence' in seeking prompt relief." *United States v. Dyer*, 136 F.3d 417, 427 (5th Cir. 1998) (collecting cases). The district court held that Lockhart did not exercise the requisite diligence.

Lockhart could have first filed a collateral attack to the restitution order when his supervised release ended in May 2017. Before that, he could pursue neither a collateral challenge via the writ of *coram nobis* (as he was still in custody) nor a § 2255 challenge (as orders of restitution do not pertain to unlawful custody). *See Walker*, 78 F.3d at 582. Lockhart, however, did not file this *coram nobis* action until September 2023, over six years after he could have done so.

Lockhart does not justify this delay. He explains that he could not have filed a § 2255 challenge to his restitution order (true), but that does not account for the six-year delay in filing this *coram nobis* action after his supervised release ended. An unjustified six-year delay is sufficient to dismiss a

---

[3] The district court first concluded that Lockhart's petition to vacate his conviction failed on the merits for lack of diligence. It then held that it was without jurisdiction over Lockhart's petition to modify the restitution order. When reversing a denial for want of jurisdiction, we generally have refrained from answering the merits, as the district court usually had not previously addressed the merits. *See, e.g., Esogbue*, 357 F.3d at 535 ("Because the district court erroneously determined that it lacked jurisdiction to consider Esogbue's petition, its order dismissing the petition is VACATED, and the case is REMANDED for further proceedings. We express no opinion on the merits of Esogbue's petition."). The reasons the district court gave in denying the petition to vacate the conviction equally apply to the petition to vacate the restitution order. Because the district court has provided guidance on the merits, we address them.

No. 24-11081

claim for lack of "reasonable diligence in seeking prompt relief." *Chico v. United States*, 703 F. App'x 292, 294 (5th Cir. 2017) (per curiam) (quoting *Dyer*, 136 F.3d at 427) (denying *coram nobis* after a two-year delay).

Because Lockhart did not exercise "reasonable diligence in seeking prompt relief," he cannot successfully seek the writ of *coram nobis*. The order denying the writ is AFFIRMED.