ORDER AND JUDGMENT *
PAUL KELLY, JR., Circuit Judge.
Julius Musau, an alien subject to a final order of removal, appeals from the district court’s dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. The district court dismissed for lack of subject matter jurisdiction, finding that Mr. Mu-sau was challenging a final order of removal and that the REAL ID Act, 8 U.S.C. § 1252(a)(5), took away district court jurisdiction to hear such challenges. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and we reverse and remand for further proceedings.

Factual Background

Mr. Musau came to the United States from Kenya in 1991 to attend college in Kansas. Aplt. App. 18. In 2007, long *839 after his student visa had expired, Mr. Musau was arrested in connection with a federal investigation of tax fraud. Id. at 19. He gave federal agents information and evidence relating to his roommates and acquaintances, and was released; but he received a notice to appear before an immigration judge based on his illegal presence in the United States. Id.
Meanwhile, during the pendency of Mr. Musau’s immigration proceedings, Mr. Musau’s brother — still in Kenya — allegedly received phone calls threatening Mr. Mu-sau. The motivation for the threats presumably was Mr. Musau’s role as a witness against his former roommates and acquaintances. Mr. Musau’s brother received the first of these calls on March 12, 2010, prior to Mr. Musau’s immigration hearing and ultimate grant of voluntary departure on March 18, 2010. Id. at 20. The record does not indicate when Mr. Musau (as opposed to his brother) actually became aware of the threatening calls; he did not mention the calls to the immigration judge (“IJ”) at the March 18 hearing. The calls continued through July. Id.
Mr. Musau did not move to reopen immigration proceedings based on these threatening calls. Instead, he filed a § 2241 petition and an emergency motion for stay of removal on August 3, 2010. In his petition, Mr. Musau claimed, among other things, that his deportation would violate the Convention Against Transnational Organized Crime (“CATOC”). Id. at 20-21. He acknowledged in his petition that he had not exhausted administrative remedies relating to his CATOC claim, but alleged that neither an IJ nor the Board of Immigration Appeals (“BIA”) had any authority to grant him relief. Id. at 20.
The government filed a motion to dismiss, alleging that the district court lacked jurisdiction to hear Mr. Musau’s petition.[1] The district court concluded that: (1) 8 U.S.C. § 1252(a)(5) and (b)(9) apply to ha-beas petitions alleging violations of treaty-based rights, (2) circuit court review is an appropriate and sufficient substitute for the writ of habeas corpus concerning challenges to orders of removal, and (3) Mr. Musau had not shown that no forum existed for his CATOC claims, which should have been raised before an immigration tribunal through, for example, a motion to reopen. Musau v. Carlson, No. 10-2427-KHV, at 8-12 (D.Kan. Mar. 24, 2011) (unpublished); Aplt. App. 12-16. With respect to the last finding, the district court explained that Mr. Musau had not shown (a) that immigration tribunals had no authority to entertain his CATOC claim or (b) that review by a federal court of appeals was insufficient. Aplt. App. 13-16. Based on those conclusions, the district court dismissed Mr. Musau’s petition for lack of subject matter jurisdiction under 8 U.S.C. § 1252(a)(5) and Federal Rule of Civil Procedure 12(b)(1). Musau, slip op. at 2,12; Aplt. App. 6,16.
On appeal, Mr. Musau argues that the district court erred in concluding that it lacked subject matter jurisdiction over his petition.[2] The government maintains that *840 the district court lacked jurisdiction. Aplee. Br. 19-20.

Discussion

We review a district court’s dismissal under Rule 12(b)(1) de novo. Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1242 (10th Cir.2011).
On appeal, Mr. Musau reiterates that he has no means, other than his petition for a writ of habeas corpus, by which to enforce his rights under the CATOC. He appears to be correct, at least at present, insofar as immigration tribunals are concerned. IJs and the BIA have no authority to grant any relief to an alien unless and until the Attorney General promulgates regulations granting them such authority. See, e.g., In re H-M-V-, 22 I. & N. Dec. 256, 258 (B.I.A.1998) (“Initially, we note that the jurisdiction of this Board, and of the Immigration Judge, is limited by statute and regulation to that which has been delegated by the Attorney General.”). The government has not identified any statute or regulation authorizing an IJ or the BIA to recognize or enforce rights under the CA-TOC, and we are not aware of any.[3] For the same reasons, we reject the government’s arguments that Mr. Musau failed to exhaust available remedies before immigration tribunals; there apparently was nothing to exhaust. If the CATOC creates any rights to which Mr. Musau is entitled, wholly discretionary relief from the Attorney General or his delegates would be insufficient; “mercy” does not protect rights.
We also question the district court’s interpretation of Rranci v. Attorney General, 540 F.3d 165 (3d Cir.2008). The district court seemingly read Rranci as suggesting that immigration tribunals have some authority to consider and resolve CATOC claims. Aplt. App. 15 (“In Rranci, the Third Circuit contemplated that immigration courts have authority to consider a claim under CATOC.”). But the Third Circuit merely recognized that the CATOC “calls into question whether the Government may put [an informant] in harm’s way ... after using his cooperation” in a criminal proceeding, and ultimately remanded to the BIA to let. the BIA, itself, declare whether it had authority to consider CATOC claims. Rranci, 540 F.3d at 178-79. According to counsel for Mr. Musau, the BIA has not resolved Mr. Rranci’s case in the nearly four years since it was remanded. Oral Argument, 6:30 to 6:52. Regardless, the absence of a statute or regulation granting, an IJ or the BIA authority to consider such claims would, by the BIA’s own precedent, appear determinative. See 22 I. & N. Dec. at 258.
Separately, it is not clear whether Mr. Musau could have petitioned the Eighth Circuit[4] for review of his order of removal, and the parties have not really addressed this point.[5] Specifically, an alien must file a petition for review within thirty days of a *841 final order of ■ removal. 8 U.S.C. § 1252(b)(1). We know that Mr. Musau became aware of the threats against him prior to August 3, 2010, because he discussed those threats in his habeas petition; but we otherwise have no evidence regarding when Mr. Musau became aware of those threats. The threatening phone calls apparently began six days before Mr. Musau was ordered removed, and continued through July; but the phone calls allegedly were made to Mr. Musau’s brother, rather than to Mr. Musau himself. The record does not indicate when Mr. Musau became aware of the threats and no evi-dentiary hearing was held. If Mr. Musau was not aware of the threats within thirty days of his removal order becoming final, he apparently could not ask the Eighth Circuit to review his removal order. See id. And filing a motion to reopen or reconsider with the IJ likely would not have helped, as the IJ apparently lacked any authority to do anything about those threats vis-a-vis the CATOC.
Resolution of Mr. Musau’s petition would have required the district court to first determine whether it had jurisdiction to consider that petition: whether, assuming Mr. Musau was entitled to any protection under the CATOC, he could pursue relief in immigration proceedings or before the Eighth Circuit. If not, the district court would have had to determine whether Mr. Musau was, in fact, entitled to protection under the CATOC: whether the CATOC creates any rights, and whether Mr. Musau is entitled-to protection based on any such rights. The district court was premature in concluding that Mr. Musau could have sought to enforce any rights to which he is entitled before an immigration tribunal without any evidence that immigration tribunals could, in fact, consider CATOC claims. The district court again erred by assuming that Mr. Musau could petition the Eighth Circuit for relief without first evaluating whether Mr. Musau could have filed for such relief as required by statute.
We do not conclude that 8 U.S.C. § 1252(a)(5) unconstitutionally suspends the writ of habeas corpus. Rather, we conclude that the district court has jurisdiction to determine its jurisdiction; it may, and indeed must, determine whether the REAL ID Act, 8 U.S.C. § 1252(a)(5), unconstitutionally suspends the writ of ha-beas corpus. In making that determination the first time, the district court erred by making two assumptions that are not supported in fact or in law. We therefore remand to the district court with instructions to determine, in order, (1) whether, assuming he is entitled to protection under the CATOC, Mr. Musau could have sought relief from an immigration tribunal or the Eighth Circuit, and (2) whether the CA-TOC creates any protections and whether Mr. Musau is entitled to relief under any such protections. For purposes of this analysis, wholly discretionary relief (e.g., unreviewable prosecutorial or administrative discretion) appears insufficient to protect any such rights.
The dissent apparently does not disagree that there is nothing in the record to support the idea that immigration tribunals have authority to address CATOC claims. Instead, the dissent’s entire premise rests on the assumption that the Eighth Circuit could have reviewed Mr. Musau’s petition one way or another, had he simply asked it to do so. That may be true, but that assumption is premature on this record. The district court plainly has jurisdiction to consider its jurisdiction and consider argument and evidence. On remand, the district court must first determine whether Mr. Musau could have pursued his CATOC claim before immigration tribunals or the Eighth Circuit, and may develop facts as needed to make that de *842 termination. If Mr. Musau could not have pursued his CATOC claim in either forum, the district court must then determine whether Mr. Musau is entitled to relief under the CATOC, and, if so, whether the REAL ID Act unconstitutionally suspends the writ of habeas corpus as applied to Mr. Musau.
REVERSED and REMANDED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. The government also argued that Mr. Mu-sau was not “in custody.[1]' Aplt. App. 16 n. 11. The district court did not reach this argument, and the government renews it on appeal. The government is wrong. See, e.g., Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir.2001).

. Mr. Musau also requested that this court strike the government’s response brief and impose against the government sanctions, attorney’s fees, or both, based on continued assertion of erroneous facts throughout the case. The government moved to file a corrected brief; Mr. Musau opposed the motion. The court understands the facts. The motion to strike, for sanctions, and for attorney’s fees and costs is denied. The government’s motion to file a corrected brief is granted.

. During repeated questioning on this point, counsel for the government eventually conceded that he was "not exactly sure” whether an IJ or the BIA has such authority. Oral Argument, 14:12 to 17:25.

. Mr. Musau’s immigration proceedings took place within the jurisdiction of the Eighth Circuit. We have jurisdiction over this appeal because he filed his habeas petition in Kansas.

.The dissent is confident that Mr. Musau could have petitioned the Eighth Circuit for review of his CATOC claim, regardless of whether he presented that claim to immigration authorities. This has not been argued or addressed by Mr. Musau or the government on appeal.