# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50098

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

MARIA CHICO,

Petitioner - Appellant

v.

UNITED STATES OF AMERICA,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-301

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Two years after Petitioner-Appellant Maria Chico pleaded guilty to encouraging and inducing an alien to enter the United States, she filed for a writ of coram nobis, claiming that she had received ineffective assistance of counsel. The district court denied the writ as untimely filed. We AFFIRM.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On May 11, 2013, Customs and Border Protection ("CBP") officers arrested Chico as she attempted to reenter the United States through a port-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50098

of-entry in El Paso, Texas. At the time, Chico was driving a minivan containing her two minor children and one adult male, Angel Duarte-Cervantes. During the inspection, Chico told CBP officers that Duarte-Cervantes was her husband and presented them with a passport issued to Jesus Chico Escobedo. Upon questioning Chico, however, the agents discovered Duarte-Cervantes's true name and that he was a Mexican national who did not have the legal documents necessary to cross the border. Chico further admitted that Duarte-Cervantes was not her husband and that she knew he was in fact a Mexican citizen who could not legally enter the United States.

Chico was charged with encouraging and inducing an alien to enter the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv), (B)(ii). On the advice of trial counsel, Chico believed that a conviction would not render her deportable. Accordingly, on September 3, 2013, Chico pleaded guilty as charged, without a plea agreement. On October 30, 2013, the district court sentenced Chico to time served and did not impose a term of supervised release. Thereafter, believing she was not subject to deportation, Chico went to an Immigration and Customs Enforcement ("ICE") field office in El Paso, Texas to obtain a travel permit. She was immediately detained and held at the El Paso Processing Center to begin removal proceedings.[1]

On October 14, 2015, approximately two years after she discovered her conviction rendered her deportable, Chico filed a petition for a writ of coram nobis, challenging her conviction on the grounds that her trial counsel rendered ineffective assistance and that she would not have pleaded guilty but for trial counsel's ineffective assistance. Reasoning that "a [coram nobis]

---

[1] Chico does not state in her initial petition or appellate brief when this incident occurred. She does, however, explain that she "first became aware that she potentially faced removal or deportation from the United States after receiving a letter dated October 18, 2013 from her trial counsel."

2

No. 16-50098

petitioner should at least meet the same standards of diligence as others seeking collateral relief through a habeas corpus petition," the district court denied the motion, finding that Chico had failed to file her petition within the one-year statute of limitations period applicable to 28 U.S.C. § 2255 (detailing requirements for a writ of habeas corpus). *Chico v. United States*, No. EP-15-CV-301-FM, 2015 WL 7301184 (W.D. Tex. Feb. 3, 2016)

Chico timely appealed.

## II.    DISCUSSION

We review a district court's denial of a writ of coram nobis for abuse of discretion. *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010).

The writ of coram nobis is an "extraordinary remedy" that allows a person no longer in custody to vacate or modify her prior criminal conviction. *United States v. Morgan*, 346 U.S. 502, 511–12 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). A petitioner seeking the writ must show: (1) a continuing civil disability as a consequence of her prior conviction, *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994); that (2) she exercised "reasonable diligence in seeking prompt relief," *Dyer*, 136 F.3d at 427 (internal quotations omitted) (citing *Morgan*, 346 U.S. at 512); (3) no other remedy is available, *id.* at 422 (citing *Morgan*, 346 U.S. at 512); and (4) unless relief is granted, there will be "a complete miscarriage of justice," *Castro*, 26 F.3d at 559. Because there is no applicable statute of limitations for a writ coram nobis, a district court considering the timeliness of a petition "must decide the issue in light of the circumstances of the individual case." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996). "[I]neffective assistance of counsel, if proven, can be grounds for *coram nobis* relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *see also Castro*, 26 F.3d at 559–60.

No. 16-50098

On appeal, Chico raises two issues of ineffective assistance. First, she asserts that the Government could not have proven beyond a reasonable doubt that Chico actually violated 8 U.S.C. § 1324(a)(1)(A)(iv) because the evidence does not prove she "encouraged" Duarte-Cervantes to enter the United States, a point her trial counsel failed to make. Second, she alleges that her trial counsel told her that she would not be deported if she pleaded guilty—had counsel not given her this assurance, Chico explains, she would not have pleaded guilty. Assuming Chico's allegations are true, her trial counsel rendered ineffective assistance in misadvising her of her guilty plea's possible deportation consequences. *See Padilla v. Kentucky*, 559 U.S. 356, 369–70 (2010). Because she waited over two years to seek the writ, however, whether she has "exercise[d] reasonable diligence in seeking prompt relief" presents a closer issue. *See Dyer*, 136 F.3d at 427 (internal quotation removed).

On appeal, Chico does not allege any "sound reasons" for delay; rather, she merely asserts that "there is not [a filing] deadline for a writ [of] coram nobis" and argues that the district court abused its discretion in holding Chico to § 2255's one-year statute of limitations period. Chico is correct that a person seeking relief through a writ of coram nobis is not subject to a strict statute of limitations period. *See Morgan*, 346 U.S. at 507 (stating that filing a coram nobis petition is "without limitation of time"); *Foont*, 93 F.3d at 79 ("Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." (quoting *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994))). Nevertheless, she must show that she acted with reasonable diligence in promptly pursuing her rights. *Dyer*, 136 F.3d at 427.

In this case, Chico discovered that counsel had misadvised her of her guilty plea's deportation consequences on October 18, 2013, nearly two years before she filed her petition with the district court. "[Chico] did not, and has

4

not, attempted to explain the delay." *See id.* at 428.  Therefore, under the facts and circumstances of this case, Chico has failed to demonstrate reasonable diligence, and the district court did not abuse its discretion in denying her petition as untimely.  *See Foont*, 93 F.3d at 79–80.

## III.   CONCLUSION

Because the particular facts and circumstances surrounding this case indicate that Chico failed to exercise reasonable diligence in seeking relief, her petition for a writ of coram nobis was untimely filed.  Accordingly, the district court's judgment dismissing the writ is AFFIRMED.