TYMKOVICH, Chief Judge.
Lina Thoung illegally entered the United States in 2002. After the government learned of her illegal status, she jointly stipulated to a removal order after pleading guilty in district court to document fraud. But deportation proceedings never *1001 occurred. Five years later, she filed a writ of habeas corpus with the district court alleging the court had lacked subject-matter jurisdiction to enter its order of removal. The district court reaffirmed its jurisdiction to order removal and rejected Thoung's habeas petition.
We hold that, because of the REAL ID Act's limitations on judicial review, the district court lacked jurisdiction to entertain Thoung's habeas petition challenging the prior removal order.
I. Background
Thoung emigrated from Cambodia to the United States in 2002 using a fraudulently obtained visa in the name and birthdate of another person. In 2007, she obtained U.S. citizenship and affirmed she had never provided false information to any government official while applying for any immigration benefit.
Her fraud was discovered in 2012. She subsequently pleaded guilty to misusing a visa, permit, and other documents to obtain citizenship, in violation of 18 U.S.C. § 1546(a). As part of her plea agreement, she jointly stipulated to denaturalization under 8 U.S.C. § 1451(e) and removal from the United States. Relying on 8 U.S.C. § 1228(c)(5), the district court entered an order of removal. Immigration authorities, unable to deport Thoung back to Cambodia, eventually released her subject to an Order of Supervision. Under this order, Thoung could be arrested and deported at any time.
In 2017, Thoung filed a writ of habeas corpus-apparently under 28 U.S.C. § 2241 -alleging the district court had lacked subject-matter jurisdiction to enter the judicial removal order requested under the plea agreement. Neither the government nor the district court considered the potential applicability of the REAL ID Act, 8 U.S.C. § 1252, and the substantial limitations it imposes on judicial review. On the merits, the district court reaffirmed its jurisdiction to enter Thoung's removal order. Thoung appealed the district court's assertion of subject-matter jurisdiction to enter the 2013 removal order.
II. Analysis
We first consider whether the district court had subject-matter jurisdiction to hear Thoung's habeas petition, a question of statutory interpretation. Gonzalez-Alarcon v. Macias , 884 F.3d 1266, 1273 (10th Cir. 2018). We conclude the REAL ID Act prevents the district court from exercising habeas jurisdiction to hear Thoung's petition.
A. The REAL ID Act's Limitations on Judicial Review
Generally, "[w]rits of habeas corpus may be granted by ... the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A person must be "in custody" to seek the habeas writ, id. § 2241(c)(1), and a person subject to removal is "in custody" for habeas purposes. See Aguilera v. Kirkpatrick , 241 F.3d 1286, 1291 (10th Cir. 2001).
Nevertheless, the REAL ID Act imposes substantial limitations on judicial review, including habeas review, of final orders of removal. Removal orders may be challenged only by way of a petition for review filed in the court of appeals. According to § 1252(a)(5), "petitions for review" filed with the courts of appeal are the "sole and exclusive means for judicial review from an order of removal." And the statute specifically excludes "habeas corpus review pursuant to sections 1241 ...
*1002 or any other habeas corpus provision." Id.[1] That "sole and exclusive means for judicial review from an order of removal" is outlined in § 1252(b), which requires that a petition for review must be filed within thirty days of a final order of removal. Id. § 1252(b)(1). "That deadline is mandatory and jurisdictional; it is not subject to equitable tolling." Gonzalez-Alarcon , 884 F.3d at 1271. Thus, although the REAL ID Act permits "review of constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), an individual petitioning for review cannot challenge a removal order once judicial review is time-barred, see Gonzalez-Alarcon , 884 F.3d at 1271. By the time Thoung filed her habeas petition with the district court, the deadline for properly filing a petition for review in accordance with the REAL ID Act had long expired.
In Gonzalez-Alarcon , we emphasized that "Congress clearly intended to funnel all challenges to removal through the petition for review process." Id. at 1278. We held that "[u]nder the plain language of [ § 1252(a)(5) ], a habeas challenge to an order of removal is barred regardless of whether the petitioner is an alien or claims citizenship." Id. at 1274.
Our circuit is consistent with others in recognizing the REAL ID Act's limitations on habeas review. See Andrade v. Gonzales , 459 F.3d 538, 542 (5th Cir. 2006) ("The REAL ID Act divests the district courts of jurisdiction over the habeas petitions of aliens; instead, REAL ID Act § 106 states that 'a petition for review shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act].' "); Marquez-Almanzar v. INS , 418 F.3d 210, 215 (2d Cir. 2005) (REAL ID Act "unequivocally eliminates habeas corpus review of orders of removal.").
Because Thoung's habeas petition ultimately seeks to invalidate the district court's removal order, we conclude she is seeking "judicial review of an order of removal" in a manner prohibited by § 1252(a)(5).
B. The REAL ID Act Eliminates Jurisdiction to Entertain Thoung's Habeas Petition
Nevertheless, Thoung raises three arguments to support her claim that the district court had proper jurisdiction to entertain her habeas petition.
All three ultimately fail.
1. Orders Arising from Criminal Proceedings
First, Thoung contends Congress did not intend to bar habeas review of judicial removal orders because she claims the Act omits orders arising from criminal proceedings that result in removability. The criminal offenses which are grounds for removability are set forth in 8 U.S.C. § 1227(a)(2). She relies on *1003 INS v. St. Cyr , 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which held that AEDPA's limitations on habeas review did "not bar jurisdiction over removal orders not subject to judicial review under § 1252(a)(1) -including orders against aliens who are removable by reason of having committed one or more criminal offenses." Id. at 313, 121 S.Ct. 2271.
But Thoung's interpretation misreads the REAL ID Act, which was adopted in 2005 to render the removal-challenge process consistent with St. Cyr . See 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.1, at 2208-15 (6th ed. 2011). The REAL ID Act expressly divests district courts of jurisdiction over habeas challenges to removal orders, including those arising from criminal offenses, and funnels all such challenges to the "appropriate court of appeals" as the "sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter [including § 1228(c)(5) ]." See 8 U.S.C. § 1252(a)(5).[2]
If every judicial order of removal were subject to appeal for lack of subject-matter jurisdiction, the statutory framework Congress established in § 1252(b) could be entirely thwarted and a multiplicity of claims (including habeas claims) would thrive outside the petition-for-review process and long after its timeliness requirements have expired.
Because the district court's judicial order of removal was entered under § 1228(c)(5), the judicial process established by the REAL ID Act is Thoung's sole means of challenging her judicial removal order-a means that is now time-barred. To comply with § 1252(a)(5), Thoung would have had to petition the court of appeals within thirty days of the district court's entry of the final removal order in 2013. Despite having the opportunity to do so, she did not.
2. Suspension Clause
Second, Thoung argues that even if Congress did intend to bar habeas review of judicial orders of removal, it has left no meaningful alternative form of review and therefore has unconstitutionally suspended the writ of habeas corpus. The Suspension Clause states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Thoung relies on St. Cyr 's warning that "a serious Suspension Clause issue would be presented if [a statute has] withdrawn that power from federal judges and provided no adequate substitute for its exercise." 533 U.S. at 304-05, 121 S.Ct. 2271.
But St. Cyr goes on to observe "that Congress could, without raising any constitutional questions, provide an adequate substitute through the court of appeals." Id. at 314 n.38, 121 S.Ct. 2271. " 'The substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention' does not violate the Suspension Clause." Id. (quoting Swain v. Pressley , 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) (alteration omitted) ). This is, of course, precisely the sort of process that the REAL ID Act established in 8 U.S.C. § 1252(a)(5) and § 1252(b).[3]
*1004 Thoung bears the burden of demonstrating the inadequacy of the REAL ID Act's substitute for statutory habeas jurisdiction. See Miller v. Marr , 141 F.3d 976, 977 (10th Cir. 1998). Thoung has not met her burden of demonstrating, in the context of judicial orders of removal, that the REAL ID Act's petition for review process is an inadequate or ineffective substitute. It is not clear that, had Thoung followed the § 1252(b) review process, she would have been prevented from doing so for jurisdictional reasons.[4]
Thus, in the absence of persuasive argument to the contrary, we assume the REAL ID Act's petition for review process does not offend the Suspension Clause with respect to Thoung's judicial removal order. See Gonzalez-Alarcon , 884 F.3d at 1268 (assuming "the petition for review process is an adequate substitute for habeas such that the REAL ID Act's jurisdiction-stripping provisions do not offend the Suspension Clause").
3. Conflict with Federal Rules
Finally, Thoung asserts that our interpretation of the REAL ID Act results in unintended consequences. Because the Act's review process requires a petition to be filed with the court of appeals within thirty days of an order of removal, Thoung argues that it conflicts with the federal rules of procedure concerning criminal appeals. Compare Fed. R. App. P. 4(b)(1) (requiring a defendant's notice of appeal from a criminal case to be filed in the district court within fourteen days) with 8 U.S.C. § 1252(a)(5) (requiring the petition to be filed in the court of appeals) and id. § 1252(b)(1) (stipulating the petition must be filed within thirty days after a final order of removal). Assuming that Rule 4(b)(1) of the Federal Rules of Appellate Procedure is the correct one to apply in Thoung's situation, the incongruity should not be surprising. REAL ID's petition for review process is a substitute for the statutory writ of habeas corpus, which is also subject to timeliness limitations that sometimes depart from and supersede the otherwise-applicable federal rules. See, e.g. , 28 U.S.C. § 2255(f). Moreover, unlike Rule 4(b)(1), which does "not have statutory grounding" and is non-jurisdictional, United States v. Garduno , 506 F.3d 1287, 1290 (10th Cir. 2007), the REAL ID Act's timeliness requirement is both "mandatory and jurisdictional," Gonzalez-Alarcon , 884 F.3d at 1271.
Thoung also asserts that barring habeas review would strip district courts of the *1005 power to reconsider their own orders, while immigration judges possess that authority. See 8 C.F.R. § 1003.23 (2018) (immigration judge authority to reopen and reconsider); id. § 1003.2 (Board of Immigration Appeals authority to reopen and reconsider); id. § 1005 (DHS authority to reopen and reconsider). But the only case Thoung cites for the proposition that district courts possess inherent authority to reconsider their own removal orders refers to the power to reconsider interlocutory orders and not final orders. See Been v. O.K. Indus., Inc. , 495 F.3d 1217, 1225 (10th Cir. 2007). Even if the district court possessed inherent authority to reopen and reconsider its final order of removal under the circumstances presented here, it certainly could not do so "by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision," 8 U.S.C. § 1252(a)(5). This is precisely what the REAL ID Act prohibits. Thoung's suggestion that we read "judicial review" under § 1252(a) as referring only to appellate review, see St. Cyr , 533 U.S. at 311, 121 S.Ct. 2271 (noting the "historically distinct" meanings of "judicial review" and "habeas corpus"), is foreclosed by the text of the Act itself. See 8 U.S.C. § 1252(a)(5) ("For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' or 'jurisdiction to review' include habeas corpus review.").[5]
Because none of Thoung's arguments ultimately persuade us that our interpretation of the REAL ID Act is incorrect, we hold that the statute's jurisdictional limitation on judicial review of removal orders prevents Thoung from petitioning the district court for the writ of habeas corpus.
III. Conclusion
Because the district court lacked subject-matter jurisdiction and thus lacked power to enter its October 2017 Memorandum and Order, that judgment must be vacated. See Rio Grande Silvery Minnow v. Bureau of Reclamation , 601 F.3d 1096, 1128 (10th Cir. 2010).
We therefore REMAND to the district court with directions to VACATE its October 2017 order and to dismiss Thoung's petition without prejudice for lack of jurisdiction. We express no view as to the merits and leave the district court's 2013 removal order undisturbed.

In full, section 1252(a)(5) provides:
Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review from an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Even if, arguendo , a judicial order of removal must, as a procedural prerequisite, first be based on a criminal ground of removability described in 8 U.S.C. § 1227(a)(2), the REAL ID Act explicitly bars habeas review of such orders in § 1252(a)(2)(C).

Although the text of the Act is clear, the House-Senate Conference Report on the REAL ID Act further explained:
Significantly, this section [§ 1252 ] does not eliminate judicial review, but simply restores such review to its former settled forum prior to 1996. Unlike AEDPA and IIRIRA, which attempted to eliminate judicial review of criminal aliens' removal orders, [this section] would give every alien one day in the court of appeals, satisfying constitutional concerns.
151 Cong. Rec. 8526 (2005) (Joint-House-Senate Conference Report) (citing St. Cyr , 533 U.S. at 314 n.38, 121 S.Ct. 2271 ).

Thoung points to our unpublished disposition in Musau v. Carlson , 499 F. App'x 837 (10th Cir. 2012), for support, but that decision does not undermine our conclusion that Gonzalez-Alarcon controls. In Musau , a panel of this court simply determined that the district court's dismissal of Musau's habeas petition was "premature" and remanded the question for further consideration. Id. at 841.
The dissent in the instant case suggests this court would have lacked jurisdiction to reach the merits of Thoung's appeal had she followed the REAL ID Act's petition-for-review process. But it does not necessarily follow that such a result would implicate the Suspension Clause. The authority on which the dissent relies suggests this court still could have vacated an ultra vires removal order and remanded for further proceedings. See Mejia Galindo v. Sessions , 897 F.3d 894, 898-99 (7th Cir. 2018) ; Rhodes-Bradford v. Keisler , 507 F.3d 77, 81-82 (2d Cir. 2007). Thus, a presumably adequate forum would have existed to test the legality of Thoung's detention.

Similarly, we do not find persuasive Thoung's argument that the venue section of § 1252(b)(2) is limited to orders entered by immigration judges. That provision may encompass district court judges, as evidenced by § 1228(c)(3)(A)(i)-(ii), which clarifies that a "judicial order of removal ... may be appealed ... to the court of appeals for the circuit in which the district court is located" and that "such appeal shall be considered consistent with the requirements described in section 1252 of this title."
Furthermore, more specific language in related immigration statutes may trump the general language of § 1252(b)(2) regarding immigration judges when such language operates notwithstanding any other provision. See Osuna-Gutierrez v. Johnson , 838 F.3d 1030, 1034-35 (10th Cir. 2016). Such "notwithstanding any other provision" language is present in § 1228(c)(1).