**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY HAMILTON,

      Plaintiff-Appellant/
Cross-Appellee,

v.

NORTHFIELD INSURANCE
COMPANY,

      Defendant-Appellee/
Cross-Appellant.

------------------------------------------

OKLAHOMA ASSOCIATION FOR
JUSTICE,

      Amicus Curiae.

No. 17-7049
(D.C. No. 6:16-CV-00519-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, and **CARSON**, Circuit Judge.[**]

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  The Honorable Monroe G. McKay participated earlier as a panel member, but he passed away before the issuance of this order and judgment and has not participated in this decision. "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997); *see* 28

(continued...)

We abated this appeal and certified two questions to the Oklahoma Supreme Court regarding Oklahoma law on the award of attorney fees in insurance matters. The Oklahoma Supreme Court has answered our questions, and we now grant the petition for rehearing submitted by Mr. Hamilton and remand to the district court for further proceedings.

This diversity case arises out of an insurance policy Billy Hamilton purchased from Northfield Insurance Company in March 2015. In December 2015, Hamilton filed a claim with Northfield seeking coverage for his building's leaking roof, but Northfield twice denied the claim. In November 2016, Hamilton sued in Oklahoma state court and the case was removed to the United States District Court for the Eastern District of Oklahoma.

In June 2017, counsel for Hamilton emailed Northfield's attorneys requesting "a serious settlement offer" the following week, noting that he had "almost $12k in hard costs invested in this case thus far" and was conveying that information "because that figure impacts how much of any settlement Mr. Hamilton would receive." (App. Vol. IV at 938.). Counsel for Northfield responded that Northfield was willing to offer $45,000 to settle the case, which

---

        **(...continued)
U.S.C. § 46(d) ("A majority of the number of judges authorized to constitute a court or panel thereof . . . shall constitute a quorum.").

they believed "[wa]s a fair offer as it [wa]s more than three times the actual damages in th[e] case" and further stated that, "[b]ased upon your out of pocket litigation expenses, this settlement amount will allow you to recover these expenses along with some fees and should reimburse Mr. Hamilton for the entire amount of his repair costs." (*Id.* at 939.) Hamilton rejected Northfield's settlement offer, and the case proceeded to trial, resulting in a $10,652 jury verdict, the maximum amount of damages the judge instructed the jury it could award.

Hamilton subsequently filed motions for attorney fees and statutory interest pursuant to Okla. Stat. tit. 36, § 3629. Northfield responded that Hamilton was not the "prevailing party" within the meaning of § 3629(B) because Northfield's $45,000 settlement offer exceeded the $10,652 damages award. Hamilton argued that because Northfield's settlement offer had accounted for damages *plus* costs and fees, the costs and fees incurred by Hamilton up to the time of the settlement offer should be added to the $10,652 damages award in determining the "prevailing party" under § 3629(B). The district court agreed with Northfield and denied Hamilton's motion.

On appeal before this court, Hamilton argued that the district court erred in (1) granting summary judgment to Northfield on Hamilton's claim for breach of the implied duty of good faith and fair dealing and his accompanying request for

punitive damages, (2) denying Hamilton's motion for attorney fees and interest on the grounds that he was not the "prevailing party" within the meaning of § 3629(B), and (3) prohibiting certain cross-examination of Northfield's expert witnesses. Northfield, in turn, cross-appealed the district court's denial of its motion for judgment as a matter of law as to Mr. Hamilton's breach of contract claim and challenged the district court's rulings on Hamilton's expert witness report and testimony. On December 18, 2020, we affirmed on all grounds. *Hamilton v. Northfield Ins. Co.*, 910 F.3d 1320 (10th Cir. 2018).

Hamilton then filed a Petition for Rehearing En Banc on January 2, 2019. After careful consideration of the Petition and additional briefing by amicus curiae, we *sua sponte* granted panel rehearing, vacating our December 18, 2018 decision as to the issues raised in Hamilton's appeal (17-7049) but leaving that decision in effect as to the issues raised and resolved in Northfield's cross-appeal (17-7055). *Hamilton v. Northfield Ins. Co.*, 913 F.3d 998 (10th Cir. 2019), *order clarified*, 913 F.3d 999 (10th Cir. 2019). With case 17-7049 reopened and abated, we certified the following questions of law to the Oklahoma Supreme Court:

> 1. In determining which is the prevailing party under Okla. Stat. tit. 36, § 3629(B), should a court consider settlement offers made by the insurer outside the sixty- (formerly, ninety-) day window for making such offers pursuant to the statute?
>
> 2. In determining which is the prevailing party under Okla. Stat. tit. 36, § 3629(B), should a court add to the verdict costs and attorney fees

incurred up until the offer of settlement for comparison with a settlement offer that contemplated costs and fees?

The Oklahoma Supreme Court returned their answers on May 5, 2020. *Hamilton v. Northfield Ins. Co.*, 2020 OK 28.

As to the first question, the court answered "no" and further held "a court may consider only those timely offers of settlement of the underlying insurance *claim*—and not offers to resolve an ensuing *lawsuit* that results from the insurer's denial of the same—when determining the prevailing party for the purposes of awarding attorney fees and costs under section 3629(B)." *Id.* at ¶ 1. The court noted that its answer to the first question necessarily resolved the panel's second question in the negative: because § 3629(B) only applies to settlement offers made by the insurer *prior* to litigation and thus before any such fees have been incurred, the court held that it is improper to stack attorney fees on top of the "prevailing party" calculation. *Id.* at ¶ 1. The court explained the purpose of § 3629(B) is to "avoid litigation by creating fee-shifting disincentives if the insured's claim is not speedily resolved." *Id.* at ¶ 1. It follows, the court reasoned, that it would thwart the purpose of the statute if a settlement offer made *after* a suit is filed could "immunize a company from the consequences of an unjustified refusal to pay which made the suit necessary in the first place." *Id.* at ¶ 5–6 (citation omitted).

Because Northfield's $45,000 offer was made outside of the prescribed sixty-day window, and because it was a *litigation*-settlement offer rather than a *claim*-settlement offer, the Oklahoma Supreme Court held it was not a statutory settlement offer within the meaning of § 3629(B). *Id.* at ¶ 6–7. The court thus concluded that Hamilton is the "prevailing party" entitled to an award of attorney fees under § 3629(B) because he received a judgment in his favor. *Id.* at ¶ 7.

On May 12, 2020, this panel lifted the abatement and ordered supplemental briefing addressing the impact on this appeal of the Oklahoma Supreme Court's answers to our certified questions. The parties agree that, in light of the Oklahoma Supreme Court's decision, Hamilton is the "prevailing party" within the meaning of § 3629. Hamilton is thereby entitled to reasonable attorney fees and statutory interest at an annual rate of fifteen percent. § 3629.

Accordingly, we remand to the United States District Court for the Eastern District of Oklahoma for a determination of the amount of attorney fees, trial and appellate, that were reasonably and necessarily incurred by Hamilton. The district court may, in its discretion, conduct any and all proceedings it deems necessary and appropriate on the issue of attorney fees.

As to all other issues raised by Hamilton on appeal and not addressed herein, we affirm and reinstate the relevant portions of the panel's prior opinion

-6-

reported at 910 F.3d 1320 (10th Cir. 2018).

Entered for the Court


Timothy M. Tymkovich
Chief Judge