# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2026

Lyle W. Cayce
Clerk

No. 25-30152

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PETER NTA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-138-1

_____

Before ELROD, *Chief Judge*, and HIGGINBOTHAM and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Peter Nta appeals the denial of his writ of *coram nobis* and expunction petition. We AFFIRM the district court's judgment, albeit on different grounds.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30152

# I

Nta is a Nigerian citizen and became a lawful permanent resident of the United States in 2011. In May 2016, the University of Louisiana Lafayette Police Department responded to a complaint about the odor of marijuana emanating from Nta's apartment. Nta invited the officers into his residence, and they observed marijuana and a grinder in plain view. Nta signed a consent-to-search form. The officers found a Liberian visa and identification card with Nta's picture but in the name of "Solomon Dufresene." Nta explained that his own identification documents had expired, and he needed the visa to purchase alcohol.

Nta was charged with one count of possession of fraudulent immigration documents in violation of 18 U.S.C. § 1546(a). On June 28, 2017, Nta pled guilty under a written plea agreement. The same day, Nta was sentenced to imprisonment for one day with credit for time served and one year of supervised release.

The Government then filed a "Notice of Intent to Request Judicial Removal." Nta signed a "Defendant's Plea Statement in Support of Judicial Removal." The district court ordered removal, and Nta was removed to Nigeria in August 2017.

In November 2024, Nta filed a pro se motion titled "Petition for Equitable Expungement Pursuant to the Federal Court's[] Inherent Powers from the Constitution of the United States of America and the All Writs Act Pursuant to 28 U.S.C. 1651(a)."[1] Nta challenged his conviction, sentence,

---

[1] In 1954, the Supreme Court "revived the ancient writ of *coram nobis* by holding that the writ was available in federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). The writ is a way to collaterally attack a petitioner's conviction when the petitioner has already completed his sentence. *Id.*

and removal order due to "fundamental constitutional violations" and asked the court to vacate his conviction and expunge his records.

The district court denied the petition because it lacked jurisdiction to expunge the records. It explained that even if it had jurisdiction "to issue the extraordinary writs Nta seeks, the Court would not as he was properly convicted in accordance with the law."

Nta appeals.

## II

We review a district court's decision to deny a writ of *coram nobis* for abuse of discretion, factual findings for clear error, and questions of law de novo. *United States v. Lockhart*, 165 F.4th 933, 935 (5th Cir. 2026). "We review jurisdictional issues de novo." *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997). And we review a district court's decision on a petition for expungement for abuse of discretion. *Id*.

## III

Nta argues that the district court misconstrued his petition as only requesting equitable expungement. He posits that he challenged his conviction and sentence due to: "(1) a binary sentencing violation under *Ex parte Lange*, (2) an *ultra vires* judicial removal order lacking statutory basis under 8 U.S.C. § 1228(d)(5), (3) structural taint infecting the plea, and (4) constitutional defects not remediable through traditional habeas or direct appeal mechanisms." He claims he sought vacatur and expungement of the judgment, pursuant to the All Writs Act.

The Government responds that the district court correctly characterized Nta's petition as only a request for expungement and that his challenges were meritless.

No. 25-30152

The writ of *coram nobis* "is available only to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate that he suffers civil disabilities as a consequence of the conviction and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Lockhart*, 165 F.4th at 935 (citation modified).

We construe a pro se litigant's filings liberally. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). And we instruct district courts "to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Hou.*, 78 F.3d 983, 995 (5th Cir.1996) (en banc)).

Reviewed in this light, Nta sufficiently challenged his conviction by alleging constitutional violations and requesting vacatur. Nta challenged the validity of his plea, among other claims.[2] We disagree with the Government that Nta's petition was limited to a request for expungement.

In its order, the district court explained that Nta "pleaded guilty to the possession of a fraudulent immigration document," which was not a petty offense. It clarified that this was a felony with a maximum imprisonment sentence of up to ten years. This appears to be some consideration of the merits, even though the court concluded that Nta's period of incarceration and its consequences "do not constitute some grave denial of Constitutional rights granting the Court jurisdiction to expunge his criminal records."

---

[2] Nta also challenged his sentence. This is not a separate form of *coram nobis* relief. If a petitioner is granted *coram nobis* relief and his conviction is vacated, a court's sentence, such as a restitution order, would also "necessarily fall with the conviction." *Lockhart*, 165 F.4th at 936.

4

No. 25-30152

We conclude that the district court had jurisdiction to consider Nta's petition. Nonetheless, we affirm its denial of the petition on other grounds. *See Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 (5th Cir. 2019) ("We may affirm the district court's decision on any basis presented to the district court and argued in the district court." (citation modified)).

**IV**

"[A] petitioner seeking *coram nobis* must exercise reasonable diligence in seeking prompt relief." *Dyer*, 136 F.3d at 427 (citation modified). Both before the district court and now on appeal, the Government argues that Nta did not diligently seek relief. We agree.

At no time before the petition did Nta file for any other relief. His supervised release presumably ended in 2018, approximately a year after his sentencing in June 2017.[3] He did not file his petition until November 2024—a six-year delay. *See Lockhart*, 165 F.4th at 937 (denying *coram nobis* after an unjustified six-year delay); *Dyer*, 136 F.3d at 429 (denying *coram nobis* after a nearly ten-year delay); *Chico v. United States,* 703 F. App'x 292, 294 (5th Cir. 2017) (per curiam) (denying *coram nobis* after two-year delay).

Nta responds that he was "detained by ICE without meaningful legal access" immediately following sentencing and "FOIA requests took more than a year during COVID, yet Appellant pursued them diligently." But Nta was removed in August 2017, the COVID pandemic began in 2020, and Nta did not file his petition until November 2024. Nta does not explain how long he was without "meaningful legal access" after his removal, what documents

_____

[3] The parties do not provide the date of Nta's completed sentence, but on June 28, 2017, he was sentenced to time served and one year of supervised release.

he sought from FOIA requests, or why any of this delayed his petition.[4] He has failed to explain his lack of diligence, and we affirm the district court's denial of his *coram nobis* petition.

And because his conviction is not overturned, the court cannot expunge the associated conviction records. *United States v. Corkern*, No. 24-60189, 2024 WL 5199332, at *2 (5th Cir. Dec. 23, 2024) (per curiam) (explaining that if a defendant does not have a statutory right to expungement, he "must assert a specific rights violation by the executive actors holding the records of the *overturned* conviction" (citation modified)).

## V

Nta also challenges his order of removal.[5]

Nta was removed pursuant to a stipulated judicial order of removal. The statute allows "[t]he United States Attorney, with the concurrence of the Commissioner [of Immigration and Naturalization to] . . . enter into a plea agreement which calls for the alien, who is deportable under this chapter, to . . . stipulate to the entry of a judicial order of removal . . . ." 8 U.S.C. § 1228(c)(5); *see id.* § 1101(a)(8) (defining "Commissioner" in Title 8). In felony cases, a district court "may accept such a stipulation and shall have

––––––––––––––––––––––––

[4] Nta also argues that he acted as soon as sentencing relief became available when the Sentencing Commission changed the guideline regarding zero-point offenders. But this cannot serve as a reason for delay, because as we have explained, "[a] petition for a writ of *coram nobis* provides a way to collaterally attack a *criminal conviction*[,]" not a sentence. *Lockhart*, 165 F.4th at 936 (citation modified).

[5] It appears that Nta waived his ability to challenge the removal order. In his plea statement in support of removal, he waived his "rights to appeal, reopen, reconsider, or otherwise challenge" the order. But the Government does not make this argument on appeal, so we analyze the validity of Nta's challenge under the relevant statutes. *See Crowe v. Smith*, 151 F.3d 217, 237 n.30 (5th Cir. 1998) ("As a general matter, we will not consider arguments that have not been urged by the parties on appeal.").

jurisdiction to enter a judicial order of removal pursuant to the terms of such stipulation." 8 U.S.C. § 1228(c)(5).

Nta pled guilty to possessing fraudulent immigration documents. *See* 18 U.S.C. § 1546(a). An alien convicted of this offense is deportable. 8 U.S.C. § 1227(a)(3)(B)(iii). This applies to lawful permanent residents like Nta. *See id.* § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

Challenges to stipulated orders of removal are subject to 8 U.S.C. § 1252. *See Thoung v. United States*, 913 F.3d 999, 1003 (10th Cir. 2019) (holding that a challenge to a stipulated judicial order of removal must comply with § 1252(a)(5)'s thirty-day petition deadline); *see also* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.").

Nta had thirty days to petition for review. 8 U.S.C. § 1252(b)(1). The order of removal was signed on June 28, 2017, and Nta has missed the deadline by several years.

## VI

For the foregoing reasons, the order denying Nta's writ and expunction petition is AFFIRMED.